[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Douglas Runyon appeals his convictions in a bench trial for breaking and entering, in violation of R.C. 2911.13(A), and burglary, in violation of R.C. 2911.12(A)(2). The trial court sentenced Runyon to concurrent prison terms of six months and two years. His single assignment of error, challenging the convictions on the manifest weight of the evidence, is overruled.
On September 20, 1999 someone entered the Evendale business of Runyon's employer, Anthony's Cleaners, by breaking a window and taking the cash box and the cash register containing $1,700 in checks and cash. Police concluded that the perpetrator was familiar with the building and knew where the money was kept, as there was no ransacking of the premises. Runyon's former girlfriend, Angela Henderson, testified that, on the day of the breaking and entering, Runyon had arrived at her house with a cash-register drawer, a metal box, and some yellow envelopes. She told him to remove the items from her home because she did not want to be implicated and called Anthony's Cleaners. Runyon failed to show up for work the next day. Later, he was taken into custody. After telling police that he had found the items in a stolen parked car, he gave a second signed statement in which he said that he had accidentally broken the window at Anthony's Cleaners with a rock and then entered and took the items.
The burglary in question occurred on March 1, 2000. Henderson's uncle heard the sound of breaking glass outside his home. He went next door to Henderson's home and saw broken glass in the yard and in the house. Inside, he found Runyon with blood on his hands stooping behind a love seat as if he were hiding something. Runyon had once resided with Henderson in the home. Some of his clothes, his tools, and his speakers were still there. But Henderson had changed the locks and on this occasion had not given Runyon permission to enter. When police arrived at the house, Runyon was gone. One of the officers drove around the block with Henderson in the cruiser, looking for Runyon. When they saw him and called to him, Runyon ran. He was apprehended three blocks away.
Runyon denied breaking the window, but admitted to the officer that he was in the house. He told the officer that he was trying to clean up the glass after someone had thrown a rock through the window. He had a small cut on his hand. Henderson stated that a three-disc C.D. player, an answering machine, two gold chains, a gold baby chain, four gold baby rings, and a gold cross were taken.
Our review of the record fails to persuade us that the trial court, acting as the trier of fact and resolving the various factual disputes in the testimony, clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered. See Tibbs v. Florida (1982), 457 U.S. 31, 102 S.Ct. 2211; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387,678 N.E.2d 541, 546-547. The weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact to determine. See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Moreover, the record contains substantial credible evidence from which it could reasonably be concluded that all elements of both charged offenses had been proven beyond a reasonable doubt. See State v. Waddy (1991), 63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.